UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ASTIN HILL and | ) |
| KAMERON ROSS, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) No. 3:19-cv-00784 |
| | ) |
| TRINITY FOOD SERVICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Astin Hill, an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Trinity Food Service and DSCO.[1] (Doc. No. 1).

The complaint is before the Court pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.     PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

---

[1] Initially, Plaintiff co-filed this action with another inmate, Kameron Ross. Because Ross failed to comply with the Court's prior Order, the Court dismisses his claims by accompanying Order.

1

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### IV. Alleged Facts

The complaint alleges that, while incarcerated at the Davidson County Sheriff's Office, on three different occasions Astin Hill was given fish on his meal tray. Hill is allergic to fish. In addition, the complaint alleges that Hill does not receive the same meal portions and items as "everybody else." (Doc. No. 1 at 8). For example, Hill believes he is entitled to an extra half cup of vegetables and the entrée as well as bread.

**V.    Analysis**

The complaint names two Defendants to this action: the Davidson County Sheriff's Office and Trinity Food Service (Doc. No. 1 at 2).

First, a police or sheriff's department is not an entity capable of being sued under 42 U.S.C § 1983. See, e.g., Durham v. Estate of Gus Losleben, No. 16-1042-STA-egb, 2017 WL 1437209, at *2 (W.D. Tenn. Apr. 21, 2017); McKinney v. McNairy Cnty., Tenn., 1:12-CV-01101, 2012 WL 4863052, at *3 (W.D. Tenn. Oct. 11, 2012); Newby v. Sharp, 3:11-CV-534, 2012 WL 1230764, at *3 (E.D. Tenn. Apr. 12, 2012); Mathes v. Metro. Gov't of Nashville and Davidson Cnty., No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010). Thus, the complaint fails to state claims upon which relief can be granted under Section 1983 against the Davidson County Sheriff's Office. These claims will be dismissed.

With respect to Plaintiff's claims against Trinity Food Services, the entity presumably responsible for providing meals to inmates of the Davidson County Sheriff's Office, prison officials are required to provide inmates with adequate food. For Eighth Amendment purposes, adequate food need only be sufficient to "maintain normal health." Cunningham v. Jones, 567 F.2d 653, 660 (6th Cir. 1977); see Green v. Ferrell, 801 F.2d 765, 770 (5th Cir.1986) (quoting Smith v. Sullivan, 553 F.2d 373, 380 (5th Cir.1977)) (footnote omitted) (adequate food is characterized as "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'"). When it comes to meals, complaints about the preparation or quality of prison food generally do not amount to an Eighth Amendment violation. Cunningham, 567 F.2d 653, 659–660.

The complaint alleges that, on three occasions, Plaintiff's meal tray contained fish, to which he is allergic. Additionally, the complaint alleges that Plaintiff's meal trays do not contain

the same items or portions as other the trays of other unspecified inmates. However, the complaint does not allege that Plaintiff's health has suffered as a result of insufficient nutrients, or that he otherwise suffered any serious harm as a result of his caloric intake or the exposure to fish on his tray. Furthermore, the complaint does not allege that any named Defendant knew of and disregarded an excessive risk to Plaintiff's health or safety with regard to his meal trays.

The Court finds that the complaint fails to allege facts supporting an Eighth Amendment violation based on Plaintiff's meal trays, and these claims must be dismissed. See Crockett v. Core Civic, No. 3:17-cv-00746, 2017 WL 3888352, at *3 (M.D. Tenn. Sept. 5, 2017) (finding that prisoner-plaintiff had not alleged an Eighth Amendment violation where he had not alleged that "his caloric intake during the brief periods of his food restriction is insufficient to sustain health or that he has sustained any injury, i.e., illness or significant weight loss, as a result of the food he is served." With regard to Plaintiff's claim about a lack of certain items on his meal trays, "[t]he fact that he finds those meals to be unappealing or nutritionally imperfect does not establish that they pose an uncivilized or intolerable condition." Sims v. Mich. Dep't of Corr., 23 F. Appx. 214, 216 (6th Cir. 2001) ("The fact that Sims may have been served one cup of fruit as part of a six-meal-per-day diet does not establish a deprivation of nutrition necessary to sustain his physical well-being. Furthermore, Sims did not allege that he was denied sufficient food on a daily basis or that he could not maintain his health based on the diet provided him even though one of the six meals he received per day may have consisted of one cup of fruit."); Cunningham, 667 F.2d 565, 566 (inmate's Eighth Amendment rights were not violated when he was served one meal a day for fifteen consecutive days because that meal was sufficient to maintain normal health). This claim will be dismissed for failure to state a Section 1983 claim upon which relief can be granted.

## V. Conclusion

Having screened the complaint pursuant to the PLRA, the Court finds that Plaintiff's allegations fail to state claims under Section 1983 upon which relief can be granted. Therefore, this action will be dismissed. 28 U.S.C. § 1915A.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE